UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO PENA,<br><br>          Petitioner,<br><br>     v.<br><br>JOHN MARSHALL, Warden,<br><br>          Respondent. | 1:06-CV-1565 OWW JMD HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Fresno County Superior Court. (Answer at 1.) A jury convicted Petitioner of conspiracy (Cal. Penal Code § 182(a)(1)), transportation of methamphetamine for sale (Cal. Health & Safety Code § 11379(a)), possession of methamphetamine for sale (Cal. Health & Safety Code § 11378), possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)), and giving false information to a police officer (Cal. Penal Code § 148.9(a)). (Answer at 4-5.) The jury also found that Petitioner was personally armed and that the methamphetamine exceeded one kilogram in weight. The trial court sentenced Petitioner to a total term of seventeen years in prison, including a four-year term for the arming enhancement and a three-year term for the weight enhancement. (Id.)

Petitioner appealed to the California Court of Appeal. The court affirmed his conviction and sentence. (Answer at 2; Lodged Docs. 1-4.) Petitioner did not file a petition for review in the California Supreme Court. (Answer at 2.)

On January 18, 2006, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. While the petition was pending, Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court. On May 9, 2006, the Superior Court denied the petition in a reasoned opinion. On September 27, 2006, the California Supreme Court denied the petition with citations to *In re Lindley*, 29 Cal.2d 709 (1947) and *In re Dixon*, 41 Cal.2d 756 (1953). (Answer at 2; Lodged Docs. 5-7.)

On October 18, 2006, Petitioner filed the instant petition in the Central District of California. On November 3, 2006, the petition was transferred to this Court. The sole ground raised in the petition is that trial counsel was ineffective in failing to object to the imposition of the arming and weight enhancements.

On April 30, 2007, Respondent filed an answer to the petition.

On July 3, 2007, Petitioner filed a traverse to the answer.

## FACTUAL BACKGROUND

A.V. acted as a paid informant for the Fresno Police Department. Through his cousin, A.V. learned Valenzuela was selling methamphetamine out of his house. A.V. and his cousin went to the house, obtained a sample of methamphetamine from Valenzuela, and made arrangements for a controlled buy of three or four pounds of methamphetamine. A.V. met with Valenzuela to negotiate the deal, and agreed upon three pounds of methamphetamine for $3,500 per pound.

A.V. and his cousin later returned to Valenzuela's house, and Valenzuela told them the drugs would arrive within 20 minutes. A.V. told Valenzuela someone else had the money for the drugs down the street, which is common practice in large drug deals to avoid being robbed. A.V. communicated to officers that the drugs were on the way. Soon after, Petitioner arrived carrying a bag. Valenzuela told A.V., "The stuff's here," and ultimately showed A.V. about 1.5 pounds of methamphetamine. A.V. then stepped outside and gave officers the "bust" signal.

From outside the residence, detectives John DeLuca and Carlos Leal observed Petitioner

approach the house carrying a purple gym bag. After several minutes Petitioner left the house and got into a beige van, which officers followed. A marked patrol car stopped the van and searched Petitioner, who was carrying $5,430 in his pocket. The van was impounded and later searched, and contained four packages of methamphetamine and a handgun.

After A.V. gave the bust signal, officers entered and secured the house. Detective Ubaldo Garza prepared and obtained a search warrant. Officers then searched the house, and the four packets of methamphetamine were retrieved containing a total of approximately 700 grams of methamphetamine. Officers also discovered a handgun, cell phones, three rifles, and ammunition in the house, as well as $2,000 on Valenzuela's person.

## DISCUSSION

### I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

### II. Legal Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A

federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.  Review of Petitioner's Claims**

Petitioner argues that his trial counsel was ineffective in failing to object to the imposition of the arming and weight enhancements. Petitioner claims that the evidence was insufficient to support either enhancement because he possessed less than one kilogram of methamphetamine and because mere possession of a firearm is not equivalent to being "personally armed."

These claims were not presented on direct appeal. (Answer at 2; Lodged Docs. 1-4.) The issues were raised in a petition for writ of habeas corpus to the Fresno County Superior Court, which denied the petition in a reasoned opinion. (Lodged Doc. 6.) The issues were also raised in a petition for writ of habeas corpus to the California Supreme Court, which denied the petition with citations to *In re Lindley*, 29 Cal.2d 709 (1947) and *In re Dixon*, 41 Cal.2d 756 (1953). (Lodged Docs. 5, 7.)

A federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims on a state law ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991). This doctrine of procedural default is based on the concerns of comity and federalism. Id. at 730-32.

There are limitations as to when a federal court should invoke procedural default and refuse to evaluate the merits of a claim because the petitioner violated a state's procedural rules. Procedural

default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).

If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993); Coleman, 501 U.S. at 750; Park v. California, 202 F.3d 1146, 1150 (9th Cir. 2000).

Here, the Superior Court denied Petitioner's claims citing to numerous cases, including *In re Dixon*, which state that in the absence of special circumstances, habeas will not lie where claimed errors could have been, but were not, raised upon a timely appeal. In re Dixon, 41 Cal.2d 756, 759 (1953). The Superior Court also cited *Carter v. Giurbino* and *In re Lindley*, which state that a sufficiency of evidence claim can only be considered on direct appeal. Carter v. Giurbino, 385 F.3d 1194, 1196 (9th Cir. 2004); In re Lindley, 29 Cal.2d 709, 723 (1947). The California Supreme Court similarly denied Petitioner's claims with citations to *Dixon* and *Lindley*.

The *Dixon* and *Lindley* rules are both independent of federal law and both are adequate, as Petitioner has not met his burden of demonstrating the inadequacy of the rules. See Carter v. Giurbino, 385 F.3d 1194, 1197-98 (9th Cir. 2004) (holding that *Lindley* rule is independent and adequate); Protsman v. Pliler, 318 F.Supp.2d 1004, 1006-08 (S.D. Cal. 2004) (finding *Dixon* rule to be independent when default applied subsequent to *In re Robbins*, 18 Cal.4th 770 (1998)); Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir. 2003) (stating that, once the state has adequately pled a state procedural ground as an affirmative defense, petitioner bears the burden of "asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule"). Petitioner's claims are therefore procedurally defaulted unless he can show cause and actual prejudice or a fundamental miscarriage of justice.

Cause and Prejudice

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of

sufficient causes include a showing that the factual or legal basis for a claim was not reasonably available to counsel, that interference by officials made compliance impracticable, and that counsel provided ineffective assistance. Cook v. Schriro, 516 F.3d 802, 828 (9th Cir. 2008). However, "a claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Farrar v. Thompson, 116 Fed.Appx. 811, 813 (9th Cir. 2004).

Petitioner has not shown that the factual and legal bases of his claims were unavailable or that any other external factor prevented appellate counsel from raising the claims on appeal. Further, Petitioner cannot establish cause for the default based on ineffective assistance as he did not present an independent claim of ineffective assistance of appellate counsel to the state courts. Accordingly, his claims are procedurally defaulted unless he can show that the failure to consider them would result in a fundamental miscarriage of justice.

Fundamental Miscarriage of Justice

To demonstrate a fundamental miscarriage of justice, Petitioner must show "that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." Cook v. Schriro, 516 F.3d 802, 829 (9th Cir. 2008). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Id.

Petitioner does not argue, and he has not shown, that failing to consider his claims would result in a fundamental miscarriage of justice. His claims are therefore procedurally defaulted.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:      September 5, 2008                  /s/ John M. Dixon**
                                         UNITED STATES MAGISTRATE JUDGE